

FILED

OCT 11 2012

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE
NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>SHERRI LORRAINE MUNSON,<br><br>   Debtor(s).<br>_____<br><br>IRMA C. EDMONDS,<br>Chapter 7 Trustee,<br><br>   Plaintiff(s),<br>v.<br><br>ANDREA FOSTER,<br><br>   Defendant(s).<br>_____ | Case No. 11-92149-E-7<br><br><br><br><br><br>Adv. Pro. No. 12-9016<br>Docket Control No. (None<br>Provided) |

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

**MEMORANDUM OPINION AND DECISION**

Irma Edmonds, the Chapter 7 Trustee, ("Plaintiff-Trustee") commenced that Adversary proceeding on June 28, 2012, against Andrea Foster ("Defendant") by filing a complaint seeking to avoid and recover transfers pursuant to 11 U.S.C. §§ 544, 547, 548, and 550, and for Fraudulent Conveyance. Dckt. 1. The Complaint alleges that this court has jurisdiction for this Adversary Proceeding pursuant to 28 U.S.C. § 1334 and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) [matters concerning

administration of the estate], (F) [proceeding to determine, avoid, or recover preference], (H) [proceedings to determine, avoid, or recover fraudulent conveyances], and (O) [other proceedings affecting the liquidation of the assets of the estate or adjustment of the debtor-creditor relationship].  No answer or other responsive pleading was filed to the Complaint and the Defendant's default was entered on August 27, 2012.  Dckt. 14.

   The Plaintiff-Trustee filed her motion for entry of a default judgment which requests that the court enter judgment in favor of the Plaintiff-Trustee for:

   A.   $5,455.00, plus pre and post-judgment interest, and costs of suit.  Motion, Dckt. 22.

   B.   The judgment is to recover $5,455.00 paid by the Debtor to Patent Assistance Worldwide ("PAW") for the benefit of the Defendant, the Debtor's daughter.  Memorandum, Dckt. 24.

   C.   The payment to PAW was by a cashier's check issued on November 31, 2011, with the Debtor as the remitter.  Memorandum.

   D.   The Trustee testifies that the transfer was made on May 31, 2011.  Declaration, Dckt. 23.

   E.   The Debtor commenced her Chapter 7 bankruptcy case on June 17, 2012.  Bankr. EDC 12-92149.  Memorandum.

   F.   The Debtor was insolvent, based on her Summary of Schedules listing only $26,110.26 in assets and $275,618.36 in liabilities.  Memorandum.

   G.   No consideration was provided for the transfer of the $5,455.00 for the benefit of the Defendant.  Memorandum.

   H.   The Debtor testified under oath at the First Meeting of Creditors held on September 15, 2011, that she made the payment to

PAW for the Defendant, her daughter.  Declaration, Dckt. 23.

I.  The Trustee obtained a copy of the cashier's check obtained by the Debtor and delivered to PAW from Debtor's bankruptcy counsel.  Declaration and Exhibit 2, Dckt. 25.

The Complaint filed by the Plaintiff-Trustee asserts that within 90-days of the commencement of the bankruptcy case the Debtor made a transfer in the amount of $5,455.00 for the benefit of the Defendant.  The Complaint alleges that the transfer is avoidable pursuant to 11 U.S.C. § 544(b), § 548(a)(1)(B)(I) [made while insolvent or with intention to incur debts beyond ability to pay], § 547 [preferential transfer], and § 550 [recovery of transfer or value of transfers].

### DISCUSSION

The court originally ordered that the Plaintiff-Trustee could file a motion for entry of a judgment without hearing.  On its face, the Motion fails to state with particularity the grounds upon which the requested relief, the judgment, is based.  Federal Rules of Civil Procedure 7(b) and Federal Rule of Bankruptcy Procedure 7007.  To determine the grounds the court is directed to consider the Memorandum in Support, Trustee's Declaration, and Exhibits to assemble the grounds.  The Motion contains typographical errors of key dates for the claims.  Exhibit 2, the cashier's check, does not have a legible date for the court to select a correct date.  The Trustee testifies that May 31, 2011, is the date of the check, but does not state how she has personal knowledge of that fact.

Rather than proceeding with the inconsistent pleadings and illegible exhibits, the court denies the Plaintiff-Trustee's Motion without prejudice.  The Plaintiff-Trustee shall file and serve on

3

or before October 31, 2012, a new motion for entry of a default judgment, which will be set for hearing on the court's regular law and motion calendar.

This Memorandum Opinion and Decision constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52 and Federal Rule of Bankruptcy Procedure 7052.

The court shall issue an order consistent with this ruling.

Dated: October 10, 2012

/s/ Ronald H. Sargis
RONALD H. SARGIS, Judge
United States Bankruptcy Court

This document does not constitute a certificate of service. The parties listed below will be served a separate copy of the attached document(s).

---

Steven Altman
1127 12th St #203
Modesto, CA 95354

Irma Edmonds
PO Box 3608
Pinedale, CA 93650

David Foyil
18 Bryson Dr
Sutter Creek, CA 95685

SHERRI MUNSON
8395 ST PAUL ST
Mokelumne Hill, CA 95245

Office of the U.S. Trustee
Robert T Matsui United States Courthouse
501 I Street , Room 7-500
Sacramento, CA 95814